**In re R. C. I. ENTERPRISES INCORPORATED, f/k/a Ray Capra, Inc., Debtor.**

**GULFSTREAM BANK, N. A., Plaintiff,**

**v.**

**R. C. I. ENTERPRISES INCORPORATED et al., Defendant.**

**R. C. I. ENTERPRISES, INC. et al., Plaintiff,**

**v.**

**GULFSTREAM BANK, N. A., Defendant.**

**Bankruptcy No. 82–00478–BKC–TCB. Adv. Nos. 82–0347–BKC–TCB–A, 82–0370–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

July 1, 1982.

---

John L. Britton, Fort Lauderdale, Fla., for Gulfstream Bank, N. A.

Chad Pugatch, Fort Lauderdale, Fla., for R. C. I.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

These two adversary complaints present the same issue. The matters were tried together by stipulation on May 18. At trial, the parties announced resolution of all issues except those raised by Count III of the bank's complaint in Adversary No. 82–0347 and Counts I and III in the debtor's complaint in Adversary No. 82–0370. The resolved issues will be disposed of in a separate order.

It is undisputed that on the day the debtor filed its chapter 11 bankruptcy petition, March 18, 1982, the debtor owed the bank $139,700 and that the bank held $23,287 in a general deposit account in the name of the debtor. The debtor tried to convert this account to a debtor-in-possession account in order that it could use these funds and additional funds subsequently credited to the same account. However, the bank refused to make any disbursements from the account after it learned of the bankruptcy.

In Adversary Proceeding No. 82–0347, the bank seeks leave to exercise a setoff against the funds held in the account in question, which on the date of trial held $30,189. In Adversary Proceeding No. 82–0370, the plaintiff debtor seeks a turnover order for the funds in question.

The bank relies on 11 U.S.C. § 553(a) as authorizing a post-petition setoff against a pre-petition debt which arose at least 90 days before bankruptcy. It is agreed that the facts of this case do not fall within any of the exceptions provided by § 553(a)(1), (2) or (3). The bank recognizes, of course, that the exercise of the setoff is automatically stayed by § 362(a)(7). It is for that reason that the bank seeks relief from the automatic stay under § 362(d)(1) by alleging that it lacks adequate protection for its interest in the account in question.

It is the debtor's position that use of the funds in question is necessary to any prospect of rehabilitation, a fact that is not disputed, and that equitable considerations require the immediate release of these funds to the debtor. The debtor relies on a Second Circuit decision in which the court reconciled the setoff provision with the Chapter XI provisions under the Bankruptcy Act of 1898. *See Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160 (2nd Cir. 1979). The court examined the equities of the situation to determine whether a setoff is inconsistent with Chapter XI.

The bank argues that equitable considerations do not justify this court disregarding the bank's statutory entitlement to exercise its right of setoff should it prevail on lifting the stay under § 362(d)(1). I agree.

I have taken into account the obvious fact that any setoff might tend to frustrate the rehabilitation of the debtor. However, I am persuaded that the discretion of this court in determining whether to allow the setoff is limited by the express provisions of the Code. *See In re Princess Baking Corp.* (Bkrtcy.S.D.Cal.1980) 5 B.R. 587, 590, 2 C.B. C.2d 1071.

Under § 506(a), the claim of a creditor that is subject to setoff under § 553 is a secured claim to the extent of the amount subject to setoff. The bank seeks adequate protection for the amount of its secured claim, *i.e.*, the amount of the deposited funds subject to the right of setoff. Section 553 is applicable to chapter 11 proceedings. 11 U.S.C. § 103(a). There is no statutory provision which calls for striking a balance between the competing equities of a chapter 11 debtor and a creditor entitled to a setoff other than the express limitation that a creditor's right of setoff is subject to §§ 362 and 363.

I find that the debtor has failed to carry its burden on the issue of adequate protection under § 362(d)(1). As is required by B.R. 921(a), a separate judgment will be entered in favor of the bank and against the debtor lifting the stay to allow the bank to exercise its right of setoff against the amount on deposit when the chapter 11 petition was filed.

I find that the debtor is not entitled to a turnover of the funds subject to the right of setoff. Accordingly, the debtor's complaint is dismissed with prejudice.