**In the Matter of Gregory William STEIN, Denise Marie Stein, Debtors.**

**Bankruptcy No. BK85–164.**

United States Bankruptcy Court, D. Nebraska.

Dec. 13, 1985.

Marilyn Abbott of Schumacher & Gilroy, Omaha, Neb., for debtors.

Michael Washburn of Erickson & Sederstrom, P.C., Omaha, Neb., for creditor.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

Debtors filed their joint petition under Chapter 13 on January 25, 1985. The Chapter 13 plan provided, at Paragraph 4, the following information:

(4) the following-named secured creditors have a lien on collateral in the possession of the debtors. Opposite each secured creditor's name is the dollar amount of the value the debtors place on the secured creditor's interest in the estate's property. Unless a secured creditor's objection to the value fixed herein is sustained by the Court, prior to the hearing on confirmation, the amount set out will be deemed the value of the secured creditor's interest for purpose of establishing the secured claim. Secured claims which have been allowed shall be accorded priority payments of 100% of funds available for distribution to creditors and shall be paid pro rata in accordance with 11 U.S.C. § 506.

One of the secured creditors listed was Carriage House. Its collateral was described as living/dining room/kitchen furniture. Present value: $5,000.

Pursuant to the local practice, the creditor, Carriage House, received an order for meeting of creditors, combined with notice thereof and of automatic stays and a proof of claim form. Proof of claim form contains printed information containing basic facts and blanks to be completed by the creditor in order to properly file a proof of claim. At Paragraph 10 of the proof of claim in heavy dark print it states:

The fair market value of the property on which the claimant has a lien (secured portion of a claim) is . . . ——.

At the bottom of the page of the proof of claim form the Carriage House form stated:

The plan proposes payments to the trustee of $850.00 monthly. This claim is listed as secured. Security valued at $5,000 with the balance, if any, as unsecured.

The order for meeting of creditors states "In order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim, whether or not he is included in the list of creditors

filed by the debtor." The order further states:

A hearing on confirmation of the plan will be held ex-parte on the motion of the trustee, unless, within 10 days following the meeting of creditors a written objection to the confirmation of the plan be filed with the Court.

The order goes on to describe certain Chapter 13 requirements including: secured claims be paid not less than the value of the property on which the claimant has a non-voidable lien, with the balance of such claim, if any, to be treated as an unsecured claim.

It then provides that objections to confirmation must be filed within 10 days following the meeting of creditors and states:

"The actual treatment of your claim in this proceeding will be based upon the claim filed by you, subject to the provisions of the plan as confirmed and other orders of the Court." (A copy of the order is attached to this opinion.)

The creditor completed the appropriate boxes on the proof of claim and filed the proof of claim on a timely basis. It listed the fair market value of the property on which it claimed a lien as $6,500. This amount was $1,500 in excess of the amount that the debtor claimed the property was worth.

The creditor did not file an objection to the plan. Following local practice, an order confirming the plan was signed April 30, 1985, and filed May 2, 1985. A copy of that order is attached to this opinion.

In the order, Paragraph (3)(b)(i) and (ii) provides "with respect to each allowed secured claim provided for by the plan—the plan provides that the holder of such claim retain the lien securing such claim; and the value of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claims."

On June 10, 1985, creditor filed a motion for reconsideration of order confirming plan. Creditor alleges that it filed a timely proof of claim alleging the fair market value of the property to which it claimed a lien of $6,500. It further alleges that under the provisions of § 502(a) the claim is deemed allowed unless a party in interest objects. Since no objection has been filed to the creditor's claim, it should be considered as deemed allowed in the amount of $6,500 with the lien continuing to be attached to the collateral. The creditor, therefore, alleges that the plan was confirmed improperly because the plan does not provide that the value as of the effective date of the plan is at least as much as the allowed amount of the claim.

In other words, the creditor states that the claim was allowed at $6,500 and since the plan does not purport to pay to the creditor the allowed amount of the claim, it is not confirmable.

Oral arguments were held on August 12, 1985. Briefs were ordered to be submitted within 30 days. At the oral argument and in the brief, counsel for debtors claims first that the Court has no jurisdiction to reconsider the confirmation of the plan, second, that the plan conforms with local practice in that local practice puts the burden upon the creditor to file an objection to a plan if the creditor desires a hearing and local practice is that secured claims are deemed allowed in the amount stated by the debtors in the plan at the time of confirmation unless creditor not only files a claim but objects to the valuation placed upon the property by the debtor.

Creditor's response at oral argument was that the provisions of the Bankruptcy Code, particularly § 501 and § 502 provide that a claim is deemed allowed if timely filed and not objected to by a party in interest.

Creditor implies that the local practice of requiring a creditor to not only file a claim but to then file an objection in order to preserve its rights concerning valuation, is not a procedure authorized by the Code and is inconsistent with the specific provisions of the Code and the Bankruptcy Rules. Creditor, therefore, argues that the confirmation was in error and the order of confirmation should be reconsidered.

Creditor did not appeal the order of confirmation.

Part of the problem in this case is the local practice. It appears that several years ago the practice in a Chapter 13 bankruptcy was that if a proof of claim of a secured claim was filed and the value of the collateral in which the secured party claimed a lien was in excess of the value placed upon the property by the debtors in the plan, the trustee would file a motion for an allowance of the claim in the amount shown in the proof of claim stated in the plan. The Court would then hold a hearing at which time the debtor would be required to prove the value of the collateral was less than that claimed by the secured creditor. That procedure changed after the decision in the case of *"In the Matter of Michael Anthony Thelen and Sarah Elizabeth Thelen"*, Case No. BK80–399, decided December 15, 1981. In the *Thelen* case the Court took issue with the practice of the trustee and decided that a claim could be allowed as filed, subject to the order of confirmation. In other words, the Court decided that the question of the allowance of claims would be determined at the "hearing" on confirmation and the confirmation order could, and in most cases would, determine the allowed amount of the claim as that amount listed in the plan.

The *Thelen* case does not specifically require that a creditor must file a claim and must also file an objection to the plan in order to bring the controversy before the Court. However, this is apparently required by local practice. Filing only a claim would probably work and provide all the notice and due process rights necessary to the creditor if the local practice was to actually hold confirmation hearings with notice to creditors. It would probably also work if the order initially setting the date for the first meeting of creditors and explaining confirmation requirements specifically told the creditor that simply filing a claim at variance with the valuation listed in the plan would not bring the matter before the Court and that without filing a specific objection to the plan, the creditor would never get the dispute considered by the Court.

It is apparent that if a creditor knows the local practice and/or can read between the lines of the proof of claim as provided by the Court and the order setting the first meeting of creditors as provided by the Court, a creditor will know that he will have to file two pieces of paper in order to get a hearing.

This is not a practice that this Court intends to continue.

At the time of the *Thelen* case, the Rules of Practice and Procedure in Bankruptcy had not been adopted. They are now in effect and have been for the past two years. They specifically address the question presented here and recent case law also addresses it.

The first question presented is whether or not this Court has jurisdiction to entertain a motion for reconsideration of an order confirming a plan? Contained within such question is another, namely, is an order of confirmation res judicata concerning all issues which were or could have been raised at a hearing on confirmation?

The second major question is must a creditor claiming a security interest in certain property of the estate file both a proof of claim and an objection to confirmation in order to have the valuation question determined?

The next question is, assuming that the creditor mentioned above does not have to file both a proof of claim and an objection, because the claim is deemed allowed as filed unless objected to by the trustee or debtor, what is the status of this particular creditor's claim?

Finally, there is the question of the future procedure in this Court and what will be required of a debtor, the creditor and the trustee?

■ The debtor characterizes the first question listed above as whether or not the Court has the power to revoke an order of confirmation where there is no allegation of fraud. The debtor correctly states that the effect of confirmation as listed in

§ 1327 is to bind the debtor and creditor to the provisions of the plan. The debtor correctly states that the order of confirmation can only be revoked pursuant to § 1330 after notice and a hearing and if the order was procured by fraud. Since there is no allegation of procurement of the order of confirmation by fraud, it cannot be revoked.

However, that, obviously is not the end of this case. The next question is whether or not the confirmation order is res judicata as to all matters which were or could have been raised at a hearing on confirmation? This exact question was raised in the case of In Re Simmons, 765 F.2d 547 (5th Cir. 1985). The Simmons case is a detailed analysis of the Code and Rule provisions concerning allowance of claims and the effect of a Chapter 13 confirmation order when the debtor's plan treats the creditor's claim differently than the proof of claim as filed by the creditor.

In the Simmons case, the debtor's plan listed the creditor's claim as unsecured. The creditor filed a proof of claim in which the creditor asserted it was a secured claim and claimed a lien upon the homestead of the debtor. The creditor did not file an objection to the plan. The Bankruptcy Court entered an order confirming the plan. The order recited that no objections to the confirmation of the plan were considered and that no one other than the trustee and the attorney for the debtor appeared at the confirmation hearing. Approximately a year after the order of confirmation, the debtor attempted to receive authorization to sell real property, his homestead, and it then became apparent that the creditor still claimed a lien upon the homestead.

The debtor then filed an adversary action seeking an order that the claimed lien be canceled. The Bankruptcy Court refused to cancel the lien, determined that the lien had been perfected before the filing of the bankruptcy, that it was valid and enforceable, could not be avoided and was entitled to full satisfaction. The District Court affirmed those portions of the order that are

similar to the question before us today and, on appeal to the Fifth Circuit, the Circuit Court affirmed the District Court.

The debtor in Simmons alleged that pursuant to § 1327(a) all creditors were bound as to all issues actually decided by the order of confirmation as well as all issues that could have been decided at a hearing on confirmation. 765 F.2d 547 at 555. Therefore, the debtor claimed that the confirmation order treating the creditor's claim as unsecured lifted the lien from the homestead and the debtor, therefore, upon confirmation, held the homestead free and clear of the lien. In a case before this Court, the debtor claims basically the same thing. Since the debtor claims that the order of confirmation validly determines the lien of the Carriage House in the amount of $5,000, the excess amount claimed by the Carriage House, $1,500, is simply unsecured.

The Fifth Circuit did not agree in the Simmons case and this Court does not agree in this case.

The Simmons court at 765 F.2d 555 quotes In Re Honaker, 4 B.R. 415 (Bankr. E.D.Mich.1980) in construing the assertions of the debtor. The Honaker court concluded that "the reading of § 1327 urged by (the debtor) would have the debtor materially improve his financial condition, by unencumbering (secured) assets through the simple expedient of passing his property through the estate. This result has little to recommend it." 4 B.R. at 417. The Simmons court went on to say that at pages 555 and 556 that "It would be anomalous indeed were we to permit Simmons a windfall for his mischaracterization of Savell's claim in the plan as unsecured.... Savell's failure to interpose an objection to plan or to appeal the confirmation order should not now be permitted to justify avoidance of a lien securing a claim that was originally deemed an allowed secured claim as a result of Simmons' failure to object to Savell's timely filed proof of secured claim." In other words, as the creditor has argued in its motion, the proof of claim filed by the creditor was not objected

to by the debtor or the trustee and, therefore, is deemed allowed as a secured claim. § 501(a) permits a creditor to file a proof of claim. § 502 provides that a claim filed under § 501 is deemed allowed unless a party in interest objects. A proof of claim executed and filed in accordance with the bankruptcy rules constitutes *prima facie* evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f). Bankruptcy Rule 3007 governs objections to claims and explains the procedure for obtaining a hearing.

Upon the filing of an objection, the trustee or the debtor must produce evidence tending to defeat the claim that is of probative force equal to that of the creditor's proof of claim. See 3 Collier on Bankruptcy, Paragraph 502.01, at 502–17; *In Re Simmons*, 765 F.2d 547 at 552 (5th Cir. 1985).

In this case neither the trustee nor the debtor filed an objection to the Carriage House proof of secured claim before confirmation. The debtor's Chapter 13 plan which listed the Carriage House claim as partially secured and partially unsecured cannot be deemed to constitute such an objection. The purpose of filing an objection is to join issue in a contested matter, thereby placing parties on notice that litigation is required to resolve an actual dispute between the parties. *Simmons* at 552. See also Bankruptcy Rule 9014 Advisory Committee Note.

The *Simmons* case detailed analysis is instructive. At page 552 it states:

"An objection to a proof of claim filed in accordance with Rules 3007, 9004 and 9014 clearly places in issue the allowance or disallowance of that claim as filed. The parties are put on notice that the action will have to be resolved before a final determination is made as to the allowance or disallowance of the claim. In contrast, the filing of a Chapter 13 plan does not initiate a contested matter. When a plan is filed with the petition, as permitted under Rule 3015, it is unlikely at that time that creditors have even contemplated even filing proofs of claims. When a creditor files a proof of claim subsequent to the filing of a plan, the Code and the Rules clearly impose the burden of placing the claim in dispute on any party in interest desiring to do so by means of filing an objection."

The Code and Rules do not contemplate the use of a plan as a means for objecting to proofs of claims. *Simmons* at 553. Consequently, this Court holds that the debtor's plan did not constitute objection to the creditor's proof of secured claim.

When analyzing the date an objection to a secured claim must be filed, *the Simmons* court concluded at page 553 that "under §§ 506(a) and 1325(a)(5) a proof of secured claim must be acted upon—that is, allowed or disallowed—before confirmation of the plan or the claim must be deemed allowed for purposes of the plan."

The third question listed above has been answered by the previous comments. A creditor is not required to file both a proof of claim and an objection to the plan in order for the discrepancy between the plan valuation and the proof of claim to be litigated.

What then is the status of this claim or at least the $1,500 which is not treated in the plan? In other words, does the lien survive? The lien claimed by this creditor is a statutory purchase money security interest in personal property. It is a state law lien. According to the *Simmons* case it is clear that a statutory lien valid under state law continues to be valid through bankruptcy unless properly avoided. *Simmons* at 556. This purchase money lien is not voidable by the trustee under § 545 of the Code. No attempt has been made by the trustee or the debtor to avoid the lien. The lien continues in the collateral. It it unimpaired by the order of confirmation. See *In Re Willey*, 24 B.R. 369, 371 (Bankr. E.D.Mich.1982). (Secured creditor retains lien against collateral even when it's claim is treated as unsecured under a confirmed Chapter 13 plan).

Once again, a finding that the lien continues to exist does not end the case.

Because of local practice the debtor did not object to the proof of claim and, therefore, did not question either the validity of the security interest or the amount. Therefore, the debtor did not have the opportunity to litigate those issues. This decision holds that local practice which effectively prevented a creditor from obtaining an evidentiary hearing on matters that could or should have been litigated, is inappropriate. This decision should also and does also hold that the debtor who followed local practice and thereby did not have the opportunity to litigate the validity or extent of the lien claimed by the creditor should not be barred from requesting the opportunity for such a determination. Therefore, to be fair to both sides, the proof of claim of the creditor shall be deemed allowed in the total amount of $6,500 unless the debtor, within 30 days of the date of filing of this order, files an appropriate objection to the claim or the appropriate adversary action to determine the validity or extent of the lien. If no such objection or action is filed, the creditor shall retain its claimed lien in the collateral and the debtor shall either pay the excess amount which is not included in the plan outside of the plan or shall be permitted to file an amendment to the plan pursuant to the appropriate procedures under the Code and the Rules.

■ Since this opinion is rather lengthy and seems to change local practice as it has been in this district for several years, the final question is "What is the future procedure which will be required of the debtor, creditor and trustee"? If a creditor files a proof of claim alleging the fair market value of the collateral in which it claims a lien to be in excess of the amount listed by the debtor in the plan, the trustee shall file a motion requesting the claim be allowed as filed or file an objection to the claim pursuant to Rule 3007. If the trustee files the motion for the allowance of the claim as filed, the trustee shall serve upon the debtor and the attorney for the debtor one copy of such motion. If the debtor does not object in writing to such motion within

15 days of the filing of such motion, the motion shall be granted ex parte. If, instead of filing such motion, the trustee files an objection to the claim or the debtor files an objection to the claim within 15 days after the filing of the motion, a hearing shall be set with notice provided to the claimant, the debtor and the trustee at least 30 days prior to the hearing. Such hearing shall be held on affidavit evidence only and it shall be the burden of the objecting party to provide evidence concerning the valuation. Responsive affidavits may be presented by the claimant. If the matter cannot be resolved by affidavit evidence, a full evidentiary hearing shall be set.

A local rule shall be drafted by the Court and submitted to the Advisory Committee clarifying the above procedure. When approved, a hearing shall be held on the adoption of such rule and, after adoption, the rule shall be the procedure in this district.

Supplementary to this decision and as a proposed local rule, the order setting the date of the first meeting of creditors shall be amended to clarify the responsibility of the debtor, trustee, and creditor with regard to this question.

Finally, the Chapter 13 proof of claim will be amended to clarify the responsibilities of the creditor.

■ This decision is not retroactive. It is prospective only. Those debtors who in good faith followed the local practice shall not now have their confirmed plans upset. Those creditors who in good faith followed the local practice and did not bring to the attention of the Court the inconsistency in the local practice with the specific Code section and specific Bankruptcy Rules after adoption and did not appeal a confirmed plan which was inconsistent with the Rules and the Code, shall not have the benefit of this decision.

Separate order shall be entered by Journal Entry.

## APPENDIX A
### UNITED STATES BANKRUPTCY COURT
### OR THE DISTRICT OF NEBRASKA