Marika Lancaster, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Lynne England, Tampa, Fla., Wm. French Smith, Atty. Gen. of the U.S., Washington, D.C., I.R.S., Jacksonville, Fla., for defendant.

**In the Matter of Michael CRABTREE and Cynthia Crabtree, Debtor.**

**Michael CRABTREE, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

Bankruptcy No. 85–316–BK–T.
Adv. No. 86–299.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 4, 1987.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case, and the matter under consideration is a Motion for Summary Judgment, filed by Michael Crabtree (Debtor), the Debtor who instituted this adversary proceeding. The Debtor in his Complaint filed against the United States of America, Internal Revenue Service (IRS), seeks an order directing the IRS to turn over to the Debtor the sum of $3,518.00, a refund due to the Debtor for overpayment of taxes for the year 1984, and the sum of $413.00 for the year of 1981 for a carry-back investment tax credit. It is the contention of the Debtor that there are no genuine issues of material facts and that he is entitled to a turnover order as a matter of law. This contention of the Debtor is based on the following facts which are indeed without dispute and appear from the record and which are as follows:

On February 11, 1985, the Debtor filed his voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. In due course the Debtor filed his Disclosure Statement and his Plan of Reorganization. The Debtor having obtained approval of the Disclosure Statement, this Court scheduled a hearing to consider the confirmation of the Debtors' Plan of Reorganization. On June 18, 1986, the United States on behalf of the IRS filed an Objection to Confirmation on the ground that the Plan

abrogated the right of the IRS to offset the refund claim of the Debtor against the prepetition priority tax claim of the Government, the right of setoff authorized by § 6402(a) of the I.R.C. (1985) according to the Government.

On June 24, 1986, this Court conducted the previously scheduled confirmation hearing, heard argument in support of and in opposition to the Objection of Confirmation, and having concluded that the Plan of Reorganization of the Debtor met the standard for confirmation required by § 1129 of the Bankruptcy Code, overruled the Government's Objection and announced that the Plan of Reorganization will be confirmed. The conclusion was based on the finding that the Debtors' treatment of the Government's tax claim was in full accord with § 1129(a)(9)(C) of the Bankruptcy Code, which permits a deferred payment of a tax priority claim over a period not exceeding six years after the date of the assessment. This ruling was not intended to deal with the Debtor's right to a tax refund asserted in the interim by the Debtor who on June 13, 1986, filed this adversary proceeding in which he seeks an order directing the IRS to honor the Debtor's tax refund claim and turn over same to the Debtor.

The one-count Complaint filed by the Debtor basically alleges that the refund claim is property of the estate and pursuant to § 542 of the Bankruptcy Code the IRS shall be compelled to turn over the same to the Debtor. Although it is not very well articulated in the Complaint, it is intimated that the IRS violated the automatic stay imposed by § 362 by attempting to set off the tax refund claim against the prepetition priority tax claim of the Government. The Complaint does not state whether or not, in fact, such setoff was exercised by the IRS, neither does it state that if it was, it was a nullity because it was in violation of the automatic stay.

Although, as noted earlier, this Court orally confirmed the Plan of Reorganization on June 24, 1986, the actual Order of Confirmation was not entered until September 26, 1986. However, the Government, having recognized the legal ineffectiveness of any attempted setoff did, on September 24, 1986, two days before the entry of the Order of Confirmation, file a motion on behalf of the IRS and sought relief from the automatic stay in order to offset the Debtor's tax refund claims against the allowed tax priority claim of the Government. The Government motion was heard in due course, and on October 28, 1986, this Court denied the motion on the basis that the Order of Confirmation rendered the motion moot, inasmuch as the automatic stay imposed by § 362 was no longer operative after the entry of the Order of Confirmation.

These are the undisputed facts which according to the Debtor warrant a turnover order directing the IRS to honor the Debtor's tax refund claim and pay to the Debtor the sum of $3,518.00 and the sum of $413.00 respectively. Specifically it is the contention of the Debtor that the Order of Confirmation fixed with finality his obligation to pay the allowed priority tax claim of the Government, and the IRS is prohibited by virtue of § 1141(a) of the Bankruptcy Code to offset the Debtor's tax refund claim against the priority tax claim of the Government.

The Government, while it concedes that there are no genuine issues of material facts contend that the Debtor is not entitled to a turnover order of the tax refund and the Government is entitled to exercise its right of setoff authorized by § 6402 of Title 26 (IRS Code 1954).

The Order of Confirmation provides in pertinent part as follows:

".... ORDERED, ADJUDGED AND DECREED that the Debtors' Plan of Reorganization filed on August 12, 1985, as amended by that First Amendment to the Plan, dated September 3, 1985, be and the same hereby is, confirmed. It is further

ORDERED, ADJUDGED AND DECREED that entry of this Order revests title to all property of the Debtor in the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that except to the extent that

payment of claims is required under the Plan, all debts of the Debtor are discharged. It is further

ORDERED, ADJUDGED AND DECREED that the Court retains jurisdiction for the purposes set forth in the Plan."

The record reveals that on June 6, 1986, the IRS filed its amended priority tax claim and the same was allowed in the amount of $33,304.75 on April 30, 1987 as a § 507(a)(7) tax priority claim.

There is no question that the tax refund claims of the Debtor are property of the estate. It is equally clear that by virtue of § 1141(b) of the Bankruptcy Code, the Order of Confirmation vests all property of the estate in the Debtor except as otherwise provided for in the Plan. Section 553 of the Bankruptcy Code expressly authorizes a right to offset by a creditor a mutual debt owing to the Debtor that arose prior to the commencement of the case. This right of setoff is subject only to the protection afforded to debtors by § 362 and § 363 of the Bankruptcy Code. The former is the automatic stay triggered by the filing of the Petition for Relief; the other is the provision which governs the debtor's right to use, sell or lease property of the estate.

■ Based on the foregoing, it is clear that the IRS had no right to offset prior to the entry of the Order of Confirmation without first obtaining a relief from the automatic stay. Thus any attempt if one was, in fact, made to exercise the right of setoff prior to September 26, 1986, was a violation of the automatic stay and therefore, it has no force or effect and it is a nullity.

■ This leaves for consideration the ultimate question, which is the right of the IRS to exercise its otherwise available right of setoff after the entry of the Order of Confirmation when the automatic stay is no longer operative. This question can only be answered satisfactorily by a proper analysis of the effect of the Order of Confirmation on the IRS' right to setoff. Neither counsel nor independent research found any decisional authority or persuasive text to assist this Court in resolving this facially apparent conflict between § 1141(b), the section which reverts in the debtor all property of the estate, and the statutory right of the IRS granted by § 553 of the Bankruptcy Code and § 6402(a) of 26 U.S.C.

To accept the proposition urged by the Government would, of course, totally emasculate a specific rehabilitative provision of the Bankruptcy Code, particularly § 1129(a)(9)(C), in instances where the debtor has a pending tax refund claim which if it is honored might play a very important role in the Debtors' efforts to consumate a confirmed plan. Moreover, the provisions of the Bankruptcy Code revesting title in the Debtor of properties of the estate would be rendered meaningless with regard to an item which undisputably is property of the estate and would grant a special and preferential treatment of an allowed tax priority claim of the Government, treatment contrary to that provided for by § 1129(a)(9)(C) of the Bankruptcy Code.

It cannot be gainsaid that a creditor whose prepetition claim is allowed and was not dealt with by the confirmed Plan of Reorganization should not have a right to a setoff and should not receive more than what is provided for by the confirmed plan. There is no rhyme or reason why this same rule should not be equally applicable to an allowed priority tax claim of the Government.

Based on the foregoing, this Court is satisfied that there are no genuine issues of material facts and that the Debtor is entitled to a judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors' Motion for Summary Judgment be, and the same is hereby, granted.

A separate final judgment will be entered in accordance with the foregoing.