**In re Renee MASON, Debtor.**

**Bankruptcy No. 87 B 2370.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Nov. 3, 1987.

Peter Francis Geraci, Chicago, Ill., for debtor.

Illinois Atty. Gen. James Newbold, Chicago, Ill., for creditor.

## MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court on the motion of the debtor, Renee Mason, for turnover of funds allegedly held by the Illinois State Scholarship Commission ("Commission") and the Commission's motion to modify the stay. The relevant facts are as follows:

Prior to July 1986, the debtor entered into several loan agreements with the Bank of Ravenswood for Illinois Guaranteed Student Loans. The debtor defaulted on those loans and they were assigned to the State of Illinois. On or about July 1, 1986, the State sent a letter to the debtor informing her of the requirement to make payments on her obligations. The debtor made no payments. In September 1986, the debtor was informed that failure to make payment arrangements before November 15, 1986 could result in the withholding of her income tax refund. *See* 26 U.S.C. § 6402(d). In December 1986, the State informed the Department of Education of the debtor's failure to pay on her loan. The Internal Revenue Service was subsequently notified to withhold any federal income tax refund due the debtor.

On January 1, 1987, the debtor became entitled to receive a tax refund of $1,299.00 from the IRS. On February 17, 1987, the debtor commenced this case under Chapter 13 of the Bankruptcy Code. "IGSL" (Illinois Governmental Student Loan) was listed as a creditor in the amount of $4144.00. On May 9, 1987, the State was advised that the IRS had offset the debtor's 1986 income tax refund against her delinquent loan obligations. The money was turned over to the Department of Education who then credited the State for the amount received.

The debtor's motion for turnover [1] asserts that since the refund was taken subsequent to the commencement of her case and the refund is necessary to maintain the debtor's standard of living, such taking was a violation of the automatic stay.

The State essentially admits it violated the stay but contends it was merely exercising its right to offset pursuant to § 553 of the Bankruptcy Code. (11 U.S.C. § 101 *et seq.* all references to a section will be to the Bankruptcy Code unless otherwise noted). The State claims that it is entitled to modify the stay since its claim exceeds the amount of refund and the debtor has failed to offer adequate protection to the State. The State reasons further that its statutory lien to the refund attached when the debtor became entitled to the refund (January 1, 1987) which was pre-petition, and therefore it can only be avoided by § 545.[2]

It is clear that tax refunds that the debtor is entitled to at the time of filing of the bankruptcy petition are property of the estate. *In re Guerrero,* 30 B.R. 463 (N.D. Ind.1983). This is true even if the exact amount of refund is unascertainable as of the date the debtor is entitled to the refund. *In re Wilson,* 29 B.R. 54, 57 (Bankr. W.A.Ark.1982). And while "mutuality is one of the touchstones of permissive setoff under § 553 of the Code", *Id.* at 56, the "mutuality debts must be owing when the petition is filed commencing the bankruptcy [case]". *In re Princess Banking Corp.,* 5 B.R. 587, 590 (Bankr.S.D.Ca.1980). However, the novel issue in this case is whether a right to setoff which existed pre-petition is affected by the commencement of a case.

Based on the facts before it, the Court concludes that the right to setoff is not affected by the commencement of a case, so long as it is limited to funds available at the time of filing the petition and

---

1. The IRS was properly served with this motion but has not appeared.

2. The debtor, in neither of her motions, has addressed this issue and it is not now before the Court to decide whether the State's alleged statutory lien can be avoided by § 545.

not extended to amounts that subsequently become available. *Accord In re Howell,* 4 B.R. 102 (Bankr.M.D.Tenn.1980).

Here, the source of the setoff was a tax overpayment that the debtor became entitled to on January 1, 1987, some six weeks prior to the commencement of this case. Insofar as these funds represent monies available prior to the filing of the petition, a setoff is allowable providing the mutuality aspect is satisfied.

The debtor contends that there is no mutuality of debt since the debtor has no concomitant enforceable claim against the State. To some degree, the debtor's agreement is buttressed by the State's own admission that the refund is turned over to the Department of Education "which grants the State a book credit but the actual funds are retained by the Department [of Education]". However, since the Commission is a granting agency which obtains reimbursement from the Department of Education in the event of losses (its guarantor), the State has the rights of a creditor against the debtor on this loan. *See generally* 20 U.S.C. § 1078(b).

▇ The debtor also maintains that she is entitled to avoid any offset, pursuant to § 553(b). The debtor's reliance on that section, however, is misplaced. Section 553(b) allows the trustee to recover amounts setoff only to the extent that the setoff is effectuated pre-petition. In this case, the Commission is seeking to modify the automatic stay in order to offset a debt post-petition. Section 553(b), therefore, does not apply. The debtor further argues that the Commission should be estopped from asserting their right to setoff for failing to object to the debtor's chapter 13 plan. The debtor cites *In re Warden,* 36 B.R. 968 (Bankr.D.Utah 1984) for the proposition that the confirmation of a chapter 13 plan extinguishes the Commission's right to setoff, *see also* § 1327. The Court, however, finds little or no similarity between the facts of *Warden* and the case at issue. In *Warden,* although the Court determined that the IRS violated the automatic stay when it froze the debtor's account, the debtor's right to an income tax refund arose after the petition was filed. Thus, the right to setoff accrued postpetition. In this case the debtor's right to a tax refund vested on January 1, 1987 one month prior to her filing under Chapter 13. Under these facts, a creditor who has a right of setoff pre-petition should not have to forfeit that right upon confirmation. *See In re Dominquez,* 67 B.R. 526 (Bankr.N.D. Ohio 1986).

▇ In it's motion, the Commission seeks to modify the stay pursuant to § 362(d)(1) in order to apply debtor's refund against her student loan liability. The filing of a petition operates as a stay of "the setoff of any debt owing to the debtor before the commencement of the case...." § 362(a)(7). The automatic stay, however, does not defeat or extinguish the right of setoff; rather, the setoff is stayed pending an "orderly examination of the debtor's and creditor's rights." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6298. Therefore, a creditor stayed from exercising a valid right to setoff must be granted "adequate protection." If adequate protection is not provided, he/she will be entitled to have the stay modified. *See In re R.C.I. Enterprises, Inc.,* 22 B.R. 549 (Bankr.S.D. Fla.1982). The debtor has failed to provide the Commission with adequate protection in both her motion for turnover and in her response to the Commission's motion to modify the stay.

NOW THEREFORE IT IS ORDERED, that debtor's motion for turnover is denied and the Illinois State Scholarship Commission's motion to modify the stay in order to apply debtor's income tax refund to her student loan liability is granted.