**In the Matter of Vivian JOHNSON, Debtor.**

**UNITED STATES of America, on behalf of the INTERNAL REVENUE SERVICE, Movant,**

v.

**Vivian JOHNSON, Respondent.**

**Bankruptcy No. 91–50923.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Oct. 23, 1991.

Sam Wilson, Asst. U.S. Atty., Macon, Ga., for movant.

Richard M. Katz, Macon, Ga., for debtor.

Camille Hope, Macon, Ga., Chapter 13 Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Vivian Johnson, Debtor, filed a petition under Chapter 13 of the Bankruptcy Code on March 11, 1991. The United States of America, on behalf of the Internal Revenue Service (IRS), filed a "Motion to Lift Automatic Stay to Set Off Tax Refund" on August 6, 1991. Debtor filed her response to the motion on September 23, 1991. The motion came on for hearing on September 23, 1991. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Debtor's Chapter 13 plan was confirmed on July 22, 1991. Debtor, as of her filing date, owed $1,827.88 for unpaid 1987 income taxes. Her confirmed plan provides that her 1987 tax obligation is to be paid in full as a classified unsecured priority claim.[1] Income taxes that are accorded

1. Through an oversight, this treatment of the IRS tax claim for 1987 was not reflected in the Court's order of confirmation dated July 22,

priority status are generally nondischargeable in bankruptcy.[2]

Debtor filed her 1990 tax return in April of 1991. She is due a tax refund of $1,550.25 on the return. The tax return was filed postpetition but before confirmation of her Chapter 13 plan.

The IRS filed its proof of claim, asserting its right of setoff on July 8, 1991. The IRS asserts that it has an unsecured priority claim under section 507(a)(7) of the Bankruptcy Code[3] for $277.63. Debtor does not dispute this claim of priority. The IRS asserts that it has a secured claim for $1,550.25 under section 506(a) of the Bankruptcy Code.[4] Thus, the total IRS claim is for $1,827.88.

■ In its motion for relief from the automatic stay, the IRS asks the Court to allow it to set off Debtor's 1990 tax refund against her 1987 tax obligation. Debtor asks the Court to allow her to repay her 1987 tax obligation through her confirmed Chapter 13 plan. She wants the IRS to issue a check for her 1990 tax refund.

Section 553(a) of the Bankruptcy Code[5] provides, in part:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, ...

11 U.S.C.A. § 553(a) (West 1979).

Section 6402(a) of the Internal Revenue Code[6] provides:

> **(a) General rule.**—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.

IRC § 6402(a) (West Supp.1991).

In *Campbell v. United States, (In re Davis),*[7] the Fifth Circuit Court of Appeals stated:

> The policy of Section 553(a) is to prevent the "possible injustice in requiring a creditor to file its claim for satisfaction in the bankruptcy court, while at the same time compelling the same creditor to pay in full its debt to the bankruptcy estate." *In re Southern Indus. Banking Corp.,* 809 F.2d 329, 332 (6th Cir. 1987). See also *In re G.S. Omni Corp.,* 835 F.2d 1317, 1318 (10th Cir.1987). Given the expressed policy, the extent or application of this policy is not clearly defined. In this scenario, the IRS' right to setoff derives from Section 6402(a) of the Internal Revenue Code of 1986, which provides that generally a party is only entitled to a tax refund of the amount which exceeds any outstanding tax liabilities. *Kabbaby v. Richardson,* 520 F.2d 334 (5th Cir.1975); *U.S. v. Rochelle,* 363 F.2d 225 (5th Cir.1966).

889 F.2d at 661.

To assert a right of setoff, the IRS must prove that:

> (1) The IRS has a claim against Debtor that arose before the bankruptcy filing;

---

1991. The oversight was corrected by an amendment on September 23, 1991.

**2.** *See* 11 U.S.C.A. § 1322(a)(2) (West Supp.1991); 11 U.S.C.A. § 507(a)(7) (West Supp.1991).

**3.** 11 U.S.C.A. § 507(a)(7) (West Supp.1991). The IRS's claim form erroneously asserted this claim under 11 U.S.C.A. § 507(a)(6) (West Supp. 1991). Prior to 1984, this tax priority was designated as the sixth priority. 3 *Collier on Bankruptcy* ¶ 507.03, n. 9 (15th ed. 1991).

**4.** Section 506(a) of the Bankruptcy Code grants secured status to a claim that is subject to setoff under § 553 to the extent of the amount subject to setoff. 11 U.S.C.A. 506(a) (West Supp.1991).

**5.** 11 U.S.C.A. § 553(a) (West 1979).

**6.** IRC § 6402(a) (West Supp.1991).

**7.** 889 F.2d 658 (5th Cir.1989), *cert. denied,* 495 U.S. 933, 110 S.Ct. 2175, 109 L.Ed.2d 504 (1990).

(2) The IRS owes a debt to Debtor that arose before the bankruptcy filing; and

(3) The claim and debt are mutual obligations.

*See Braniff Airways, Inc. v. Exxon Co., U.S.A.,* 814 F.2d 1030, 1035 (5th Cir.1987).

There is no dispute that the first requirement has been met. The IRS's claim for the 1987 income tax obligation arose prepetition.

Debtor contends that the second and third requirements have not been met. Debtor did not file her 1990 tax return until after the bankruptcy petition was filed. Debtor contends that her 1990 tax refund was a postpetition debt owed by the IRS. She contends that there was no mutual indebtedness between herself and the IRS.

■ The right to the portion of a tax refund that accrued prepetition is property of the bankruptcy estate even though the tax year has not ended. The fact that the refund amount does not become fixed until the end of the tax year does not limit the broad sweep of section 541(a) of the Bankruptcy Code.[8] *Doan v. Hudgins (In re Doan),* 672 F.2d 831, 833 (11th Cir.1982); *see generally Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) (potential claims for loss carry-back tax refund realized after the end of year in which taxpayer files bankruptcy petition, for losses suffered prior to petition filing, are property of the bankruptcy estate).

Courts generally have held that the substantive right to a tax refund arises at the end of the tax year to which the refund relates.[9] *Harbaugh v. United States (In re Harbaugh),* 1989 W.L. 139254 (W.D.Pa. 1989), *aff'd,* 902 F.2d 1560 (3rd Cir.1990); *Rozel Industries, Inc. v. Internal Revenue Service (In re Rozel Industries, Inc.),* 120 B.R. 944, 949 (Bankr.N.D.Ill.1990); *Ferguson v. Internal Revenue Service (In re Ferguson),* 83 B.R. 676, 677 (Bankr. E.D.Mo.1988); *In re Mason,* 79 B.R. 786,

787 (Bankr.N.D.Ill.1987); *In re Dominguez,* 67 B.R. 526, 528 (Bankr.N.D.Ohio 1986).

■ The amount of the debt owed to the debtor does not have to be determined prior to the bankruptcy filing in order for setoff to be available to the creditor. *Braniff Airways, Inc. v. Exxon Co., USA,* 814 F.2d at 1036. The Court is persuaded that Debtor's right to the 1990 tax refund arose prior to the bankruptcy filing and that the second requirement for a setoff has been met.

"To be mutual, the debts must be in the same right and between the same parties standing in the same capacity." 4 *Collier on Bankruptcy* ¶ 553.04[2] at 553–19 (15th ed. 1991). In the case at bar, the parties and their relationship are the same in each claim—tax collector and taxpayer. The Court is persuaded that the tax refund and tax obligation are mutual obligations. The Court is persuaded that the IRS has met the three requirements for setoff set forth in section 553. The Court now turns to the question of whether it is proper to allow setoff when the confirmed Chapter 13 plan provides for full payment of the tax obligation.

■ A number of courts, in factually distinguishable cases, have held that the IRS can set off a prepetition tax refund with a prepetition tax obligation after the bankruptcy petition is filed. *In re Harbaugh,* 1989 W.L. 139254 (Chapter 7 case); *In re Rozel Industries, Inc.,* 120 B.R. at 951–52 (Chapter 11 case); *In re Ferguson,* 83 B.R. at 677–78 (Chapter 13 case); *In re Mason,* 79 B.R. at 788 (Chapter 13 case); *In re Dominguez,* 67 B.R. at 529 (Chapter 13 case); *Still v. United States (In re W.L. Jackson Mfg. Co.),* 50 B.R. 506, 508 (Bankr. E.D.Tenn.1985) (Chapter 11 case that converted to Chapter 7).

■ A creditor who has a right of setoff does not forfeit that right upon confirmation of the Chapter 13 plan. *In re Mason,*

---

**8.** 11 U.S.C.A. § 541(a) (West 1979 & Supp.1991).

**9.** A taxpayer must assert his procedural right to a tax refund by completing the necessary tax return forms in accordance with IRC § 6511

(West Supp.1991). *See Rozel Indus., Inc. v. Internal Revenue Service (In re Rozel Indus., Inc.),* 120 B.R. 944, 949 (Bankr.N.D.Ill.1990).

79 B.R. at 788; *contra Crabtree v. United States (In re Crabtree)*, 76 B.R. 208, 210 (Bankr.M.D.Fla.1987) (Chapter 11 case holding that IRS has no right of setoff after confirmation when plan provides for payment of tax obligation).

A debtor, by virtue of the terms of the confirmed plan, is obligated to satisfy the IRS tax claim before paying debts owed to general unsecured creditors. *See United States v. Reynolds*, 764 F.2d 1004, 1008 (4th Cir.1985).

In *United States v. Norton*,[10] a Chapter 13 case, the Third Circuit Court of Appeals stated:

> The IRS, in the case at bar, is in the preferred position of holding a secured claim with priority. Section 506 of the Code declares that an allowed claim of a creditor subject to setoff under § 553 is secured to the extent of the amount subject to setoff. The unsecured balance of a tax claim on income greater than the amount of the setoff is accorded priority under § 507(a)(6). A Chapter 13 plan must provide for full payment of priority claims and must provide for payment to a holder of a secured claim of an amount not less than the allowed secured claim. 11 U.S.C. §§ 1322(a)(2), 1325(a)(5) (1979). Tax claims entitled to priority under § 507(a)(6) are not dischargeable in a Chapter 13 case, and there can be no composition of priority tax debts. *Id.* §§ 523(a)(1)(A), 1322(a)(2). Finally, to the extent that the claim of the IRS for back taxes is secured, the debtor must provide "adequate protection" to insure that the government receives the "indubitable equivalent" of its claim; the debtor can do so by making "periodic cash payments" to the creditor. *Id.* § 361(1) and (3).

717 F.2d at 770.

The circuit court continued, stating:

> [The debtor's Chapter 13] plan was confirmed ... before the IRS withheld a portion of the [debtor's] overpayment.
>
> The provisions of a confirmed Chapter 13 plan bind the debtor and each creditor,

whether or not the plan provides for the claim of a particular creditor. 11 U.S.C. § 1327(a) (1979). Any party in interest may object to the confirmation of a plan, and the Bankruptcy Court must give notice and an opportunity for such objections to be heard. *Id.* § 1324. Unless the plan provides otherwise, the property of the estate vests in the debtor upon confirmation and comes free and clear of any claim or interest of any creditor provided for by the plan. *Id.* § 1327. Property the debtor acquires after the commencement of the proceeding, but before the case is closed is included in the property of the estate. *Id.* §§ 541, 1306(a)(1).

> Here, the Bankruptcy Court gave the IRS notice and an opportunity to have its objections to the proposed plan heard, an opportunity the IRS failed to take. Upon confirmation, the IRS became bound to that plan and to the payment schedule that would satisfy its claim in full. The Nortons have been faithful to their obligations under the plan. To allow the IRS to retain their overpayment as extra security on the debt would seriously compromise the powers of the Bankruptcy Court, the capacity of debtors to rehabilitate, and the equitable distribution that the Bankruptcy Code is designed to foster.

717 F.2d at 774.

In *United States v. Reynolds*,[11] the Chapter 13 debtors owed a prepetition debt to the IRS. The debtors were owed a prepetition tax refund. The confirmed Chapter 13 plan provided for payment in full for section 507 priority claims. The IRS did not object to confirmation of the plan. Later, the IRS filed a proof of claim and set off the tax refund by the amount of the tax obligation. The Fourth Circuit Court of Appeals affirmed the district court and stated:

> The [bankruptcy] court concluded that retention of the funds by the IRS violated the automatic stay and that the Reynoldses' plan provided for payment of the 1979 tax liability as a priority claim, bind-

---

**10.** 717 F.2d 767 (3rd Cir.1983).

**11.** 764 F.2d 1004 (4th Cir.1985).

ing the IRS to accept it. On appeal, the district court, after granting the motion of the Chapter 13 trustee to intervene, affirmed on the same grounds. The court added that although the IRS was a secured creditor, by virtue of its right of setoff under 11 U.S.C. § 553(a) (1982), the Reynoldses could recover the portion of the refund retained by the IRS because the confirmed bankruptcy plan provided "adequate protection" of the IRS's security interest. 11 U.S.C. §§ 361, 362(d)(1) (1982). 764 F.2d at 1006.

The application of setoff is permissive, not mandatory, and lies within the equitable discretion of the court. *DuVoisin v. Foster (In re Southern Industrial Bank Corp.)*, 809 F.2d 329, 332 (6th Cir. 1987); *United States v. Norton*, 717 F.2d at 772.

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C.A. § 1327(a) (West 1979).

Debtor's confirmed Chapter 13 plan provides that her 1987 tax obligation is to be paid in full as a priority claim. The IRS's claim will be paid in full before distribution is made to unsecured creditors. On the record before it, the Court is unable to decide the ultimate issue in the case at bar, which is whether the IRS is adequately protected.

"A creditor stayed from exercising a valid setoff must be granted 'adequate protection' under section 361." 4 *Collier on Bankruptcy* ¶ 553.05[2] at 553–31 (15th ed. 1991); *see also United States v. Norton*, 717 F.2d at 770; *In re Mason*, 79 B.R. at 788; *see generally Lee v. Schweiker*, 739 F.2d 870, 877 n. 14 (3rd Cir.1984).

Debtor asks the Court to order the IRS to issue a check for her 1990 tax refund. The Court is persuaded that Debtor must provide adequate protection before the IRS is required to issue a refund check. The Court, therefore, will schedule a hearing to consider whether Debtor can meet her bur-

den to demonstrate that the IRS is adequately protected.

An order in accordance with this memorandum opinion will be entered this date.