**In the Matter of Mark & Lorie OLSON, Debtors.**

**Bankruptcy No. BK92–80323.**

United States Bankruptcy Court, D. Nebraska.

Jan. 4, 1994.

David Hicks, Omaha, NE, for debtors.

Henry Carriger, Omaha, NE, for I.R.S.

*JOURNAL ENTRY*

TIMOTHY J. MAHONEY, Chief Judge.

### Background

The debtors, Mark and Lorie Olson, filed a Chapter 13 petition on February 20, 1992. They subsequently filed a plan on March 5, 1992 (Filing No. 4). The plan treated the Internal Revenue Service (IRS) as a priority claimant under 11 U.S.C. § 507. The IRS's claim was listed as $10,280.74 and based upon unpaid 1986, 1987 and 1988 federal income taxes. The plan provided that the IRS as a priority claimant would be paid in full in deferred cash payments, and post-petition penalties and interest would become general unsecured claims.

On March 27, 1993, the IRS filed a proof of claim for a total of $11,459.65, which consisted of a secured claim of $5,405 and a priority claim of $6,054.65 (Claim No. 4). Thereafter,

the debtors filed their 1991 federal tax returns, which the IRS had estimated in their proof of claim, and the tax return resulted in a refund to the debtors. The IRS amended their proof of claim on June 7, 1992, (Claim No. 7), to reflect the filed tax return. The amended claim listed $3,978 as a secured claim and $3,755.65 as a priority claim for a total liability of $7,733.65. $299 of the $3,978 secured claim represented the IRS's alleged right to setoff its debt against the debtors' refund. The claims bar date was on July 7, 1992. The debtors did not object to either of the IRS's proofs of claims.

The Trustee moved to confirm the debtors' plan on July 14, 1992 (Filing No. 15). Despite the fact that the IRS's entire claim was listed as an 11 U.S.C. § 507(a)(7) priority claim in the plan, the IRS failed to object to the plan's treatment of its claim. Having no objections to the plan before it, this Court confirmed the plan on July 15, 1993 (Filing No. 16).

The Trustee made a Motion To Allow Claims on August 31, 1992 (Filing No. 17). Pursuant to the Trustee's motion, this Court ordered that the IRS's original proof of claim was the amount to be allowed. Neither the Trustee nor this Court took notice of the fact that the IRS had an amended proof of claim on file and that the debtors' confirmed plan did not allocate any of the IRS's claim as secured.

The IRS moved to lift the automatic stay on October 14, 1993 (Filing No. 28, 1993). The motion alleges that the IRS is entitled to setoff the $299 refund against the IRS's claim. The debtors objected based upon the terms of the confirmed plan. A hearing was held on December 6, 1993, regarding the IRS's right to setoff its pre-petition debt with a pre-petition refund, and the matter was taken under advisement. Currently, the IRS has frozen the $299 in the debtors' "account" with the IRS. The issue of whether this action violates the automatic stay is not before the Court at this time.

### Decision

The IRS is entitled to setoff its claim with the tax refund. Because the debtor failed to object to the IRS's proof of claim, the right to setoff the claim survives the confirmation of the bankruptcy plan. Since the IRS demonstrated that it has grounds for relief from the automatic stay, the IRS may setoff its claim because the debtor has failed to provide adequate protection of the IRS's setoff right.

### Discussion

#### a. *IRS's Right to Setoff Claim*

■ Section 553(a) of the Bankruptcy Code provides in part:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, ...

11 U.S.C. § 553(a).

The IRS's claim that it may setoff its claim against the debtors' refund derives from the Internal Revenue Code at Section 6402(a):

(a) General Rule.—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.

26 U.S.C. § 6402(a).

Under these two sections, the IRS derives its authority to setoff the debtors' refund against its claim. The parties do not dispute that the IRS has satisfied the requirements of Section 553(a): the debts are mutual, and both obligations arose prepetition. *See Braniff Airways, Inc. v. Exxon Co., U.S.A.*, 814 F.2d 1030, 1035 (5th Cir.1987) (listing the requirements that the IRS must prove to assert a setoff right). For these reasons, the IRS is entitled to the debtors' $299 refund to offset the unsecured portion of its claim.

### b. *Effect of Confirmation on a Claim*

The effect of a confirmed Chapter 13 plan on a creditor is as follows:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a). In this case, the IRS does not dispute that it received notice and had an opportunity to object to the debtors' plan before it was confirmed. Pursuant to Section 1327(a), the IRS would be bound by the terms of the debtor's confirmed plan because the IRS failed to object to the plan. *United States v. Norton*, 717 F.2d 767, 774 (3rd Cir.1983).

### c. *Viability of the IRS's Setoff Right*

Since it has been established that the IRS has a setoff right and since it has been established that a confirmed plan is binding when a creditor fails to object to the plan's confirmation, this Court must now determine the effect of the confirmed plan on the viability of the IRS's setoff right.

■ This Court holds that a creditor who has a right to a setoff does not forfeit that right upon confirmation of the Chapter 13 plan. *In re Mason*, 79 B.R. 786, 788 (Bankr. N.D.Ill.1987); *In re Johnson*, 136 B.R. 306 (Bankr.M.D.Ga.1991); *But see Crabtree v. United States (In re Crabtree)*, 76 B.R. 208, 210 (Bankr.M.D.Fla.1987) (holding that the IRS has no right of setoff after confirmation of Chapter 11 plan when plan provides for payment of tax obligation).

This Court has previously held that a secured lien survives a debtor's confirmed plan even though the debtor treated the secured lien as unsecured in the plan and the creditor did not object to confirmation of the plan. *In re Stein*, 63 B.R. 140 (Bankr.D.Neb.1985). In *Stein*, as in this case, the debtor failed to object to the proof of claim filed by the creditor, and therefore, this Court concluded that "[a] proof of claim executed and filed in accordance with the bankruptcy rules constitutes *prima facie* evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f)." 63 B.R. at 145.

■ In addition, this Court followed the reasoning set forth in *In re Simmons*, 765 F.2d 547, 552 (5th Cir.1985), which stated that a debtor must object to a proof of claim in accordance with Bankruptcy Rules 3007, 9004 and 9014 to put the creditor on notice that the claim is in dispute. *Stein*, 63 B.R. at 145. Since the Code and the Rules do not contemplate the use of a plan as a means for objecting to proofs of claims, *Simmons*, 765 F.2d at 553, the debtors' plan does not act as an objection to the proof of claim, and therefore, if no objection has been made prior to confirmation, the claim must be deemed allowed for purposes of the plan. *Stein*, 63 B.R. at 145.

The reasoning in *Stein* applies to this case because 11 U.S.C. § 506(a) provides that "an allowed claim of a creditor ... that is subject to setoff under section 553 of this title, is a secured claim ... to the extent of the setoff." The debtors' confirmed plan does not void the IRS's setoff right because the debtors failed to object to the IRS's setoff claim that was set forth in the IRS's amended proof of claim. Therefore, the $299 setoff is an allowed secured claim of the IRS.

If the result were different in this case, an unjust windfall would result. Section 1327(b) vests all of the property of the estate in the debtors after confirmation. 11 U.S.C. § 1327(b). If the debtors were able to avoid the IRS's secured claim by not objecting to the claim, the debtors would be in a materially superior position because they would have the use of $299 that they would otherwise not be entitled to use. *Simmons*, 765 F.2d at 555, (quoting *In re Honaker*, 4 B.R. 415, 417 (Bankr.E.D.Mich.1980)). Since the debtors' material improvement would be the result of mischaracterizing the IRS's claim in its plan and the result of failing to object to the IRS's claim, the $299 windfall to the debtors would be undeserved. *Simmons*, 765 F.2d at 556.

In this case, the debtors responded to the IRS's first proof of claim by filing their 1991 tax returns. Through such actions, the debtors implied that they recognized the validity of the IRS's proof of claim because chronologically the tax return followed the first

proof of claim, which estimated the debtors' 1991 tax liability. However, the debtors took no action during the same period to amend their plan, which was on file before the IRS's original claim and which was not confirmed until months later. It appears to this Court that the debtor must have had some awareness that it was mischaracterizing the IRS's claim, and the Court will not permit such incidents—whether by mistake or otherwise—to be rewarded with a windfall. This Court does not imply any wrong doing on the part of the debtor when it states that the debtor "mischaracterized" the IRS's claim, but it does find that the burden laid with the debtor to object to the proof of claim and that the confirmation of the plan did not prevent the IRS's proof of claim from being allowed in the absence of an objection.

### d. *Relief From the Automatic Stay*

■ Section 553(a), by its terms, makes a creditor's right of setoff subject to the automatic stay of Section 362. 11 U.S.C. 553(a). *See also* 11 U.S.C. § 362(a)(7). Therefore, even though the IRS had a right of setoff and even though the debtors' plan did not defeat the setoff, the IRS was stayed from exercising the setoff under the Bankruptcy Code until it moved for relief from the automatic stay upon notice and hearing. 4 Collier on Bankruptcy, ¶ 553.05, 553–35—553–37.

The debtors' confirmed plan states that it will pay the IRS in full and in the amount of $10,280.74 as an unsecured priority claim. The IRS's allowed claim is $3,978 secured and $3,755.65 unsecured for a total claim of $7,733.65. The debtor is paying the IRS's claim in full under the plan, but is not designating any portion of the IRS's claim as secured. A Chapter 13 plan must provide for full payment of priority claims and provide payments equal to the amount of the allowed secured claim. *United States v. Norton,* 717 F.2d 767, 770 (3rd Cir.1983) (citing 11 U.S.C. §§ 1322(a)(2), 1325(a)(5)).

Under Section 362(d)(1), the IRS may be granted relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Since the debtor is making the proper payments under the plan and since the IRS failed to object to the plan's payment schedule, the question for this Court is whether the debtor is providing adequate protection to the IRS for the loss of its security.

■ By establishing its right of setoff, the IRS has made a prima facie showing of "cause" for relief from stay under Section 362(d)(1). *In re Orlinski,* 140 B.R. 600, 603 (Bankr.S.D.Ga.1991). Once a creditor establishes that it has cause for relief, the burden shifts to the debtor to show that it will provide adequate protection. The debtors in this case did not make such a showing.

The debtors stated in their resistance to the IRS's Motion for Relief that they are entitled to the $299 for two reasons: (1) the IRS is being paid in full as a priority claim; and (2) the debtors need this money for ordinary living expenses. The debtors did not submit any evidence at the hearing that they could provide the IRS with additional adequate protection of the collateral. 11 U.S.C. § 361 provides that adequate protection may be provided by cash payments, an additional or replacement lien, or other relief giving the creditor the "indubitable equivalent" of its interest.

The debtors did not satisfy any of these three options. If the debtors are going to use the $299 for ordinary living expenses, the debtors must offer new collateral or make cash payments to the IRS equal to the diminution in the value of the collateral as the debtors spend the money. The debtors' argument that the plan payments will pay the IRS's claim in full and therefore constitutes adequate protection of the IRS's setoff right is without merit. Essentially, the debtor is accomplishing what it is not permitted to do—treating the IRS's interest as unsecured. As stated above, the debtors may not unencumber the IRS's security once the claim is allowed.

In conclusion, this Court grants the IRS's Motion for Relief From the Automatic Stay and grants permission to the IRS to use the $299, which has been frozen by the IRS, to offset its claim.