In re SOUND EMPORIUM, INC., Debtor.

TEXAS BANK & TRUST, Appellant,

v.

UNITED STATES, Appellee.

Civ. A. No. W–85–CA–124.

United States District Court, W.D. Texas, Waco Division.

Jan. 5, 1987.

---

John B. Guinn, Cooperas Cove, Tex., for debtor.

Adrian Overstreet & Evelyn Howard-Hand, Austin, Tex., for appellant.

Grover Hartt, III, Atty. Tax Div., Dept. of Justice, Dallas, Tex., for appellee.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on this date to be considered in the above-styled and numbered cause an appeal from a Final Order of the United States Bankruptcy Court for the Western District of Texas, Waco Division. On November 9, 1984, Bankruptcy Judge Bert Thompson entered an Order declaring that a debt owed the Internal Revenue Service by the debtor would be offset by a debt owed the debtor by the United States Army, 48 B.R. 1. The Order entered by Judge Thompson was accompanied by a Memorandum Opinion after full adversary proceedings. This Court, having thoroughly examined the record presented in this appeal, the briefs of counsel filed in this cause and the controlling legal authorities, is of the opinion that the Bankruptcy Court's judgment is well-founded and should be affirmed.

Initially, this Court must note that the Bankruptcy Court's findings of fact should not be set aside unless they are "clearly erroneous." *See Mitsubishi Internal Corporation v. Clark Pipe Line and Supply Co.,* 735 F.2d 160, 163 (5th Cir.1984). A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *In the Matter of Missionary Baptist Foundation of America,* 712 F.2d 206, 209 (5th Cir. 1983). Thus, having established the proper factual standard of review in this bankruptcy action, this Court will now set forth the facts as presented in the record.

On October 25, 1979, the Appellant, Texas Bank & Trust, loaned the Debtor, Sound Emporium, the sum of thirty-thousand dollars. On November 1, 1979, the Appellant Bank perfected a security interest in Sound Emporium's assets pursuant to Chapter Nine of the Texas Business and Commerce Code. The assets subject to the security interest included Sound Emporium's inventory, account receivables and the proceeds therefrom.

On August 17, 1981, the Internal Revenue Service (hereinafter "I.R.S.") filed a lien against Sound Emporium in the amount of $9,900.25. The lien was filed because Sound Emporium owed the Government for unpaid withholding, FICA and FUTA taxes. On October 7, 1981, Sound Emporium filed a bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code. In response to the Debtor's bankruptcy, the I.R.S. filed a Proof of Claim on August 12, 1982.

The debt owed to Sound Emporium which the I.R.S. claimed it had the right to set-off arose from the Army's purchase of two computers from the Debtor on October 1, 1981. The Internal Revenue Service did not become aware of the Army's debt until the United States Army's Finance and Accounting Center notified the I.R.S. on June 3, 1983 that it was holding $4,890.20 owing to the Debtor. Shortly after receiving this information, the I.R.S. amended its Proof of Claim in order to assert its right to set-off.

The issue on appeal, therefore, is whether the I.R.S. may take priority through their right to set-off over Texas Bank and Trust, a prior secured creditor. As previously stated, Bankruptcy Judge Thompson held that the set-off was proper. As such, Texas Bank and Trust filed this appeal with the Court.

The Appellant's first point of error is that the Bankruptcy Court erred by failing

to recognize that the right to set-off under the Bankruptcy Code is limited by those rights created by state law. Specifically, the Appellant alleges that § 553 of the Bankruptcy Code was adopted to recognize and preserve the rights of set-off created by state law. Therefore, the Appellant argues that if a creditor does not have a right to set-off under state law, then he will not have the right under § 553 of the Bankruptcy Code.

■ Section 553 of the Bankruptcy Code provides in pertinent part that:

[e]xcept as otherwise provided ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

The Appellant construes § 553 to imply that state law must be applied to determine the priority of the conflicting claims in this case because there is not any "overriding" federal law which establishes the priority of claims. The Court, however, is of the opinion that the Appellant's position is incorrect. The Fifth Circuit has indicated that state law relating to set-offs is not to be applied when federal law is available, as it is in this case. *See Rochelle v. United States*, 521 F.2d 844, 854 n. 24 (5th Cir. 1975), *modified on other grounds*, 526 F.2d 405 (5th Cir.1976), *cert. denied*, 426 U.S. 948, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976).

■ Since the Court has found that the application of federal law is appropriate, the next issue to be determined is whether set-off pursuant to § 553 of the Bankruptcy Code was proper. The Fifth Circuit has held that § 553 permits set-offs between a third party and the bankrupt, even if the third party's claim is the greater of the two. *See Rochelle v. United States*, 521 F.2d 844, 850 (5th Cir.1975). In order for a claim to be set-off pursuant to § 553, the only requirements are, 1) that the debt and claim be mutual; and 2) that the claim be one which is allowable under the Code.

■ Applying the above requirements to the facts in this case, it is evident that the Bankruptcy Court's decision permitting set-off was proper. First, it is clear that the claim and debt are mutual because something is owed by both parties: the debtor owes the Government $9,900.25 for unpaid taxes and the Government owes the debtor $4,890.20 for the purchase of two computers. The second requirement is also one which can easily be satisfied because the Government's claim for unpaid withholding, FICA and FUTA taxes is allowable under the Code. Specifically, § 507(a)(6) of the Bankruptcy Code permits the payment of unsecured claims of governmental units if they are in the form of a tax, as is the claim in this case.

The final issue to be addressed in this appeal is whether the Bankruptcy Court acted properly in permitting set-off even though the Government's claim was subordinate to the Bank's prior secured claim. The Fifth Circuit specifically addressed this issue in its *Rochelle* decision. In Rochelle, the Court held that "a subordinated claim can be used to set-off a claim ... even though the subordinated claim could not itself share in the dividends." *Rochelle v. United States*, 521 F.2d 844, 855 (5th Cir. 1975). As such, this Court is of the opinion that the Bankruptcy Court was correct in ordering the set-off. Accordingly, the Order of the Bankruptcy Court is AFFIRMED.