**In re Melvin Young MORGAN and Mary Alice Morgan.**

**Bankruptcy No. 8301401 MC.**

United States Bankruptcy Court, S.D. Mississippi, Jackson Division.

April 17, 1987.

---

**49.** See the authority and analysis: *Collier on Bankruptcy,* 15th Ed., ¶ 1129.02[3].

Harvey B. Ray, Ray & Cobb, Attorneys, Meridian, Miss., for debtors, Melvin Young Morgan and Mary Alice Morgan.

Eaton A. Lang, Jr., Keith T. Hill, Eaton, Cottrell, Galloway, Lang & Stone, P.A., Gulfport, Miss., for Mississippi Power Co.

## ORDER ON "PETITION" FILED BY DEBTORS TO RECOVER REFUND FROM MISSISSIPPI POWER COMPANY

EDWARD ELLINGTON, Chief Judge.

THIS MATTER came on for hearing on Melvin Young Morgan and Mary Alice Morgan's Petition to recover a refund from Mississippi Power Company. After considering the "Stipulation as to Fact" and the briefs of counsels, the Court finds that the request of the Debtors' Petition is not well taken and should be denied. Thus, Mississippi Power Company is allowed to retain the refund due the Debtors and set that amount off against the debt discharged in this bankruptcy case.

### STATEMENT OF THE CASE

Prior to Melvin Young Morgan and Mary Alice Morgan filing their joint bankruptcy petition with this Court, they owned and operated a retail grocery business located in Meridian, Mississippi, d/b/a Morgan's Big Star #7, Inc.

During the time of operation of this business, Mississippi Power Company ("MPC") was the supplier of electricity to designated areas of southeastern Mississippi including Meridian, Mississippi, and thus the supplier to the Debtors' business.

Effective November 20, 1980, MPC applied to the Mississippi Public Service Commission, an agency having jurisdiction over such matters, for an increase in its electric service rates. Effective November 20, 1980, MPC placed the increased electric rates into effect for all of its retail customers, including electric service to Debtors' store.

The increased portion of these electric service rates was subject to refund to the customers who paid them to the extent, if any, as was subsequently disallowed in that rate proceeding and any appeal subsequent thereto.

On March 9, 1983, electric service to the Debtors' business was disconnected by MPC for nonpayment of the electric service bill. The amount of the unpaid bill due MPC was $6,185.96, and no payment has been made on the bill subsequently.

On August 26, 1983, the Debtors filed a joint petition with this Court under Chapter 7 of the Bankruptcy Code. Although the Debtors filed their joint petition individually, almost all of the debts listed in their schedules were debts from their retail grocery business. MPC was listed in the schedules as an unsecured claim in the amount of $6,185.96.

On February 6, 1984, the Debtors were granted a discharge by this Court. Thus, like the other unsecured claims, MPC's claim was discharged at that time.

Subsequent to the discharge, on April 2, 1984, the Mississippi Public Service Commission determined that a portion of MPC's rate increase should be disallowed and ordered MPC to refund to its customers the disallowed portion of the electric service bills. This refund included the service bill of the Debtors and it was determined that the Debtors were entitled to a refund in the amount of $3,593.65.

MPC did not pay the refund amount to the Debtors but applied the proceeds against the pre-bankruptcy petition indebtedness.

As a result, the Debtors filed a petition before this Court claiming that they were entitled to the refund being held by MPC as the indebtedness to MPC had been discharged. A response thereto was filed by MPC. By agreement of the parties, this case was submitted for determination upon a written "Stipulation as to Fact" and briefs.

### DISCUSSION

The question before the Court is whether or not a refund, which a utility company was ordered to pay to a debtor/customer, can be setoff against a pre-petition claim

owed to the utility by the debtor when the debt to the utility has been discharged by the bankruptcy, and when the refund was accrued wholly within the pre-petition period. This Court finds that the utility company should be allowed to setoff the refund and that to hold otherwise would give the debtor an unintended windfall.

In order to establish a right to a setoff under section 553 of the Bankruptcy Code, a creditor must prove: "1) a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case; 2) a claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case; and 3) the debt and claim must be mutual obligations." *Waldschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Construction Corp.)*, 23 B.R. 147, 151 (Bkrtcy. M.D.Tenn.1982).

There is no dispute that MPC had a claim against the debtor which arose prior to the commencement of the bankruptcy case. However, the Debtors contend that the refund claim is a post-petition claim, and, therefore, there is no mutuality of obligation.

▇▇▇ MPC disagrees, citing two cases to the Court for its consideration, *Michigan Consolidated Gas Co. v. Fred Sanders Co.*, 33 B.R. 310 (Bkrtcy.E.D.Mich. 1983), and *Luther v. United States*, 225 F.2d 495 (10th Cir.1954). Both cases hold that a refund, determined after the filing of a debtor's bankruptcy petition, can be offset against a pre-petition claim owed to the creditor by the debtor. The fact that the amount of the refund was not determined until after the filing of the case did not destroy mutuality because the right to the refund was generated by a pre-petition transaction. This Court agrees with the reasoning and conclusions of those two Courts.

In *Sanders,* supra, the Michigan Public Service Commission ordered a gas company to refund certain overcharges made by it to its customers. The overcharges were the result of an unconstitutional use tax which had been imposed on the gas utility by another state and had been passed on to its customers. A customer of the gas company, Fred Sanders Company, filed a Chapter 11 in the Bankruptcy Court. At the time of the filing of the petition, the debtor/customer owed the gas company $196,503.36, all for the purchase of gas prior to the filing date. The gas company calculated the refund due to Sanders and then offset it against the pre-petition debt owed to it by the debtor.

The Court held that the necessary mutuality existed despite the fact that the debtor's entitlement to a refund and the amount of the refund were not determined until after the filing date of the bankruptcy petition. The Court's rationale was that while the amount of the utility's liability was not determined with specificity until later, the overpayment had been made and the liability for those overpayments existed in an undetermined amount at the time of the filing of the Chapter 11 proceeding. The Court stated:

> The right to a refund was generated by the prepetition relationship between the debtor and the utility and not as a result of any transaction between the debtor in possession and the utility. The refund, therefore, is subject to offset by the prepetition claim of the utility. To hold otherwise would give the debtor in possession an unintended windfall. *Sanders* at 312.

In *Luther,* supra, the United States sought to setoff a tax refund due to the bankrupt debtor against an indebtedness owed to the Department of Agriculture. The setoff was opposed by the trustee, alleging that since the tax refund was not owing at the time the bankruptcy petition was filed, that the debts lacked mutuality. The Court held that the liability for the refund existed prior to the bankruptcy, even though the amount was not determined until after the petition was filed. The Court in *Luther* stated:

> ...; that in a bankruptcy proceeding setoffs may be allowed only where debts and credits are mutual; that a setoff may be allowed only where a mutual debt and credit existed as of the date upon which the petition in bankruptcy

was filed; and that the tax refund due the bankrupt under the judgment obtained by the trustee was not due on the date of the filing of the petition in bankruptcy in the sense that there was at that time no legal duty on the United States to make such refund since no claim therefor had been filed. At the intervention of bankruptcy, no claim for refund of the overpayments of income tax had been filed, and no determination had been made in respect to the existence of such overpayments or the amount thereof. But the overpayments had been made and the liability therefor existed. The amount of such liability was not ascertained and determined until later. But it existed in an undetermined amount at the time of the filing of the petition in bankruptcy. And the mere fact that the amount of the liability was not determined until after the intervention of bankruptcy does not deprive the Government of the right of setoff if it otherwise would have existed. *Luther* at 498.

Thus, this Court concludes that MPC has a valid right to setoff the Debtors' refund against the pre-petition indebtedness owed to MPC, pursuant to section 553 of the Bankruptcy Code.

The Debtors further contend that the allowance of a setoff under section 553 would constitute a preference under section 547 of the Code and therefore should be set aside. After examining the circumstances, the Court finds that the Debtors' contention is without merit.

■ According to the provisions of section 553, a setoff is valid because the debts are mutual and arose before the commencement of the case. A valid setoff may not be recovered as a preferential transfer for that would defeat the intended purpose of the setoff provisions of the Bankruptcy Code.

Next, the Court will address the effect of the discharge to the setoff under section 553. The Debtors contend that section 524(a)(2) negates the right of MPC to setoff the refund which it owes the Debtors against a debt that has been previously discharged.

Section 553 of the Bankruptcy Code provides:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, ...

Section 524(a)(2) of the Bankruptcy Code provides:

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ...

MPC cites two cases for the Court's consideration in dealing with the inconsistency of sections 553 and 524. In *Matter of Ford*, 35 B.R. 277 (Bkrtcy.N.D.Ga.1983), the court recognized that there is some tension between the language of sections 524(a)(2) and 553 of the Bankruptcy Code. However, the court stated that section 553 only requires that there be mutual debts between the debtor and the creditor which arose prior to the debtor filing a bankruptcy petition, and that where such debts exist and none of the exceptions are triggered, "this title does not affect any right of a creditor to offset a mutual debt ..." *Ford* at 279 (citing section 553(a)).

Also noting the inconsistency between the two code sections, the court in *Slaw Construction Corporation v. Hughes Foulkrod Construction Company*, 17 B.R. 744 (Bkrtcy.E.D.Pa.1982), stated:

We conclude that the proper interpretation of § 553 is that it allows the setoff of mutual debts both of which arose before bankruptcy, regardless of when suit thereon is instituted. This would, thus, allow a creditor to raise a discharged

debt as a defense to an action brought by the debtor, regardless of when that action is instituted, if that action is based on a claim or cause of action which arose before bankruptcy. Although this would seem to be inconsistent with the language of § 524(a)(2) which prohibits the use of a discharged debt as a setoff, § 553(a) of the Code states that the right of setoff is preserved notwithstanding any other section of the Code except for certain limited exceptions. *Slaw* at 748.

This Court agrees with the conclusions of *Ford* and *Slaw* and finds that section 553 allows a setoff and, except for specific exceptions enumerated in section 553, that a setoff shall not be denied by another code section where the debts are mutual and have come into existence before the commencement of the case. Thus, section 524(a)(2) does not apply or interfere with a valid right to setoff where there are such mutually existing, pre-petition debts between the debtor and creditor as is the case between the Morgans and MPC presently before this Court.

MPC also makes some further assertions concerning the Debtors' discharge which the Court will address. MPC noted that the bankruptcy petition filed by Melvin Young Morgan and Mary Alice Morgan was a joint petition in their individual capacity. MPC claims that it does not now and never has had an account listed in either of these names. MPC contends that the claim it has for an unpaid utility bill is not against the Debtors, but against Morgan's Big Star No. 7, Inc., a corporation. Thus, MPC claims that the discharge granted to the Debtors has no effect upon MPC's claim and as a result, this Court has no interest in or jurisdiction over the disputed refund.

Examining the Court file, the Court finds that it is true that the Chapter 7 petition is a joint petition for the Debtors in their individual capacity and not for Morgan's Big Star No. 7, Inc. However, the Debtors' schedules consist almost entirely of debts that are from the operation of the retail grocery business. The Court also notes that no creditor has filed an objection to discharge or an objection to dischargeability of a debt at any time.

Thus, the debts listed by the Debtors have been treated by the Court and by the creditors as individual debts and not corporate debts since the case was filed in August of 1983. The Court finds no reason to now consider at this late date if these debts were actually corporate debts.

**CONCLUSION**

For the reasons set forth, the Court finds that the Debtors' Petition to recover the refund from MPC is not well taken and should be denied.

THEREFORE, IT IS ORDERED, that Mississippi Power Company is allowed to retain the refund due Melvin Young Morgan and Mary Alice Morgan and setoff that amount against the indebtedness that has been discharged by the Debtors' bankruptcy.