**In re NEWPORT OFFSHORE, LTD. Confirmed Debtor.**

**Bankruptcy No. 8500723.**

United States Bankruptcy Court,
D. Rhode Island.

May 24, 1988.

Richard Bicki, Providence, R.I., for debtor.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden, Inc., Providence, R.I., for trustee.

Everett Sammartino, Michael Iannotti, Asst. U.S. Attys., Providence, R.I., J. Christopher Kohn, Tracy J. Whitaker, John T. Stemplewicz, Civ.Div., Dept. of Justice, Washington, D.C., for Dept. of the Army.

Allan M. Shine, Winograd, Shine & Zacks, P.C., Providence, R.I., for Unsecured Creditors' Committee.

## ON REMAND, FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND DECISION AND ORDER GRANTING TRUSTEE'S MOTION TO ENFORCE CONFIRMATION ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

This matter originally came before the Court on the Motion to Enforce Order Confirming Trustee's Plan of Reorganization and to Hold the United States Department of the Army in Contempt, filed jointly by the Trustee, the Creditors' Committee, Allied Marine, Inc., and the reorganized debtor, Newport Offshore, Ltd. ("NOL"). After hearing on August 26, 1987, this Court granted said motion by decision and order dated October 7, 1987. 78 B.R. 383. On appeal by the Department of the Army, the United States District Court for the District of Rhode Island (Boyle, C.J.) remanded for a determination of: (1) the applicability, if any, of § 524(a)(2) of the Bankruptcy Code; (2) a ruling on the Army's Motion for Modification of the Order of Confirmation, which is in the nature of a "Rule 60 motion"; and (3) the prejudice, if any, to third parties. A hearing on these remanded matters was held April 20, 1988.

The Court, having considered the evidence at the August 26, 1987 hearing, the additional evidence presented at the April 20, 1988 hearing, the oral arguments of counsel and legal memoranda submitted by the parties, the designated record on appeal, and the official file in this Chapter 11 bankruptcy case, now enters the following rulings, findings of fact, and conclusions of law, pursuant to the order on remand.

A. *Applicability, if any, of § 524(a)(2).*

1. The Army is precluded from arguing that § 524(a)(2), or any other section of the Code, should relieve it from the effects of confirmation, or the confirmation order,

since the order is *res judicata* and, by law, cannot now be attacked.

2. Alternatively, if § 524(a)(2) is considered, the appellant is not entitled to the relief it seeks, since the Army's interpretation of the effect of § 524(a)(2): (1) makes it redundant of another section; (2) causes it to impermissibly conflict with § 1141, a more specific statute that overrides § 524(a)(2) in the context of this proceeding; and, (3) is dependent upon the correctness of the assumption that potential § 553 setoff rights survive confirmation, notwithstanding the fact that such alleged setoff rights have not been judicially established before confirmation. We conclude that, on the present facts, said assumption is erroneous.

### B. The Army's "Rule 60 Motion."

The Army's "Rule 60 Motion" is denied, on the ground that the government has clearly failed to carry its burden to show entitlement to relief under that rule, and where, based upon the entire record, equity requires that the Army not be given such relief. Not only have these proceedings on remand demonstrated that the Army is not entitled to Rule 60 relief—they reinforce our original opinion that the Army acted deliberately and improperly, and not in reliance on any alleged mistake of law or fact, in unilaterally choosing to follow a course of action which is by now familiar to all concerned.

### C. Prejudice to third parties regarding the setoff issue and confirmation order.

Regarding Mr. Hustwit, the investor, his suddenly having one-half million dollars less to work with than anticipated, is prejudice, legally as well as in the practical sense, notwithstanding the Army's cavalier description of things as just "tough." Also, the reorganized company faces the potential harm of conversion to Chapter 7, and liquidation. There is overwhelming, undisputed evidence that, but for the Navy settlement there would have been no confirmed plan, so it is reasonable at least to wonder about the future of the company if the anticipated funding is not forthcoming, or even if it is delayed for a long time.

The parties who would clearly be prejudiced by the modification now sought by the Army are the investor, the reorganized company, and the unsecured creditors, since consumation of the plan is now in jeopardy due to the unexpected setoff. Accordingly, the Army is estopped from attempting to challenge the confirmation order.

The Army had ample opportunity to object to confirmation and/or entry of the order of confirmation, but instead deliberately chose to sit back, knowing that its silence and inaction would be interpreted as assurance that the Army's right to setoff was precluded, in the absence of any objection to, or appeal from, the entry of the order of confirmation. The parties' reliance in that regard is deemed by this Court to be reasonable.

### D. Clarification of the October 7, 1987 Order.

Although it was not specifically articulated therein, this Court's order dated October 7, 1987 was intended to direct that the Navy pay over, forthwith, to the reorganized company, the sum of $485,883.40, plus interest, and also to expressly prohibit the Army from taking *any* steps to interfere with such payment.

In support of the foregoing, and because we feel that the points and authorities submitted by the appellees in their various arguments are correct, the Court adopts the Findings of Fact and Conclusions of Law proposed by the appellees, and incorporates said findings and conclusions herein by reference.

Put another way, the proposed (substantive) findings and conclusions submitted by the Army are rejected, as are its legal arguments.[1]

---

**1.** The Army's statement of the law on the issue

of mutuality is, we believe, correct in the ab-

stract, but on the facts before us, where there is considerable dispute as to which portions of the Army's and NOL's respective claims are pre-petition or post-petition, the element of mutuality has not been established. In addition, as NOL correctly points out in its legal memorandum at p. 48, mutuality is missing for the additional reason that the United States contracted with the pre-petition debtor, while the attempted set-off is against the reorganized corporation, an entity twice removed from the party with whom the Army contracted. *See generally, In re Dartmouth House Nursing Home, Inc.*, 24 B.R. 256, 263 (Bankr.D.Mass.1982); 4 *Collier on Bankruptcy* § 553.10[1] (15th ed. 1979).