**In re The BENNETT COMPANY, INC., Debtor.**

**Bankruptcy No. 390–00188.**

United States Bankruptcy Court, M.D. Tennessee.

Sept. 12, 1990.

G. Whitney Kemper, Nashville, Tenn., for debtor.

Gina J. Barham, Asst. Atty. Gen., Nashville, Tenn., for State of Tenn.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether the State of Tennessee may set off amounts owed to the debtor for prepetition services provided by the debtor to one department of State government against prepetition taxes owed by the debtor to another department of state government. Setoff is appropriate.

### I.

In August, 1989, the State of Tennessee contracted with the debtor through its Department of General Services, to perform roof repairs at a facility operated by the Tennessee Department of Mental Health and Mental Retardation. The debtor invoiced the Department of Mental Health and Mental Retardation. It is stipulated that this obligation is a prepetition debt owing to the debtor.

The debtor filed Chapter 7 on January 8, 1990. The State of Tennessee filed a proof of claim for unpaid employment taxes for the second, third and fourth quarters of 1989. The fourth quarter taxes were due January 31, 1990. Employment taxes are collected by the Department of Employment Security.

The state seeks relief from the stay to set off the amount it owes the debtor against the unpaid employment taxes. The debtor argues that the claims lack mutuality because the Department of Employment Security is not the Department of Mental Health and Mental Retardation and because the fourth quarter 1989 taxes were not payable until after the petition.

### II.

The elements of setoff under 11 U.S.C. § 553 are:

1. a debt by the creditor to the debtor which arose prepetition;
2. a claim of the creditor against the debtor which arose prepetition; and
3. the debt and claim must be mutual obligations.

*Waldschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Constr. Corp.),* 23 B.R. 147, 151 (Bankr.M.D.Tenn. 1982).

■■■ Mutuality exists when each party owes something to the other in the same right and capacity. *See* 2 Norton, Bankr.L & Prac. § 33.05 (Callaghan 1987). Similarity of obligations is not required. *Tradex, Inc. v. United States (In re IML Freight, Inc.),* 65 B.R. 788, 793 (Bankr.D.Utah 1986). Obligations owing to and from departments of the same governmental entity can be mutual. *See United States v. Rein-*

*hart,* 88 B.R. 1014 (D.S.D.1988), *aff'd in part and rev'd in part,* 887 F.2d 165 (8th Cir.1989) (Small Business Administration and Agricultural Stabilization and Conservation Service—Commodity Credit Corporation have same capacity for setoff purposes); *In re Thomas,* 84 B.R. 438 (Bankr. N.D.Tex.1988), *aff'd in relevant part,* 91 B.R. 731 (N.D.Tex.1988) (stay lifted to allow Farmers Home Administration, Small Business Administration, Commodity Credit Corporation, and Internal Revenue Service to offset obligations); *In re Sound Emporium,* 70 B.R. 22 (W.D.Tex.1987) (IRS may set off taxes against amounts owed to debtor by U.S. Army); *Tradex, Inc. v. United States (In re IML Freight, Inc.),* 65 B.R. 788 (Bankr.D.Utah 1986) (allows IRS to set off tax penalties against shipping charges owed by United States to debtor); *In re Julien Co.,* 116 B.R. 623 (Bankr.W.D.Tenn.1990) (Commodity Credit Corp. can set off obligation to debtor against debt owed by debtor to Agricultural Marketing Service.).

The Department of Employment Security and the Department of Mental Health and Retardation are departments or agencies of the state. Premiums due under the Employment Security law are "deemed to be taxes due to the State of Tennessee." TENN.CODE ANN. § 50–7–204(a)(3). Although the debtor was instructed to invoice the state through its Department of Health and Mental Retardation, the debtor's bid for the roofing job constituted a contract with the State of Tennessee when it was accepted by the Department of General Services, Purchasing Division. The obligations between the debtor and the State of Tennessee are mutual.

### III.

The State of Tennessee's tax claim is a prepetition claim. The fourth quarter taxes were incurred prepetition when the debtor paid its employees' wages. *See* TENN.CODE ANN. § 50–7–401. The claim became payable a month later on January 31, 1990. That the claim matured or became payable after the petition does not frustrate the right to payment of taxes that arose prepetition at the time of payment of wages. This outcome is consistent with the Supreme Court's broad interpretation of "claim." *See Pennsylvania Dep't of Public Welfare v. Davenport,* —— U.S. ——, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990).

*In re Howell,* 4 B.R. 102 (Bankr.M.D. Tenn.1980), cited by the debtor, addressed a different question concerning the interaction of 11 U.S.C. §§ 553 and 506. In *Howell,* the Department of Labor was determined to be a secured claimholder under § 506 at confirmation of a Chapter 13 case only to the extent its right of setoff for overpayment of disability benefits existed at the petition in the form of new benefits payable to the debtor. Here, the debtor's liability for employment taxes was fixed before the petition, including the liability arising from wages paid during the fourth quarter of 1989.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the State of Tennessee's motion for relief from the stay to permit setoff is granted.

IT IS SO ORDERED.